IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY M. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-373 (MTT) |
| | ) |
| ALLEN DILLS, Warden, | ) |
| | ) |
| Respondent | ) |

**ORDER**

Pro se Petitioner Tracy M. Jones was convicted in November 2013 of malice murder, three counts of felony murder, aggravated assault, first degree burglary, false imprisonment, and theft by taking in Bibb County Superior Court. Doc. 14-3. Jones has since moved to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2254. Doc. 1. United States Magistrate Judge Charles H. Weigle recommends that the Respondent's motion to dismiss Jones's petition as untimely (Doc. 13) be granted with prejudice and that Jones's motion to stay (Doc. 16) be denied as moot.[1] Doc. 19. The

---

[1] Respondent also moves to dismiss Jones's petition for failure to exhaust all available remedies in state courts as required by 28 U.S.C. § 2254. Doc. 13. Specifically, Jones never filed a direct appeal of her November 2013 conviction. She filed a motion for out-of-time appeal in June 2019, which was denied by the trial court in July 2019. Doc. 14-5. Jones successfully appealed the denial to the Georgia Supreme Court and the case was remanded to the trial court for an evidentiary hearing. *Jones v. State*, 308 Ga. 337 (2020). The trial court granted Jones's motion for out-of-time appeal in March 2021, but following the Georgia Supreme Court's decision in *Cook v. State*, 313 Ga. 471, 506 (2022), in March 2022, the trial court vacated its order granting the out-of-time appeal and dismissed Jones's motion in May 2022. Doc. 14-7. Jones filed a state habeas action in May 2022, which was dismissed in May 2023. Docs. 14-8; 14-20. Jones then filed a certificate of probable cause with the Georgia Supreme Court regarding the denial of her state habeas petition which was still pending when this petition was filed. Because the Georgia Supreme Court had yet to rule on Jone's certificate of probable cause, the Magistrate Judge recommended that the motion to dismiss Jones's petition for failure to exhaust be granted because a state court had not completed one full round of review. Doc. 19. The Georgia Supreme Court denied

Magistrate Judge also recommends denying a certificate of appealability ("COA") because Jones has not "made a substantial showing of the denial of a constitutional right". *Id*.  Jones objects, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which she objects, and the remaining portions for clear error.  *See* Doc. 22.

## I. DISCUSSION

Jones challenges her November 20, 2013 conviction in the Bibb County Superior Court for various charges, leading to a total sentence of life without parole.  Doc. 1.  The Magistrate Judge recommends granting the Respondent's motion to dismiss Jones's § 2254 petition as untimely because Jones's petition was filed more than eight years after her November 2013 conviction became final.  Doc. 19.  Jones objects claiming she attempted to file a notice of appeal sometime after March 2021, but Jones's objection does not change the fact that her conviction became final in December 2013.  Doc. 22 at 2.

The limitation period that applies to 28 U.S.C. § 2254 is one year under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  This one-year limitation period typically begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A); *see also Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018).  As explained by the Magistrate Judge, Jones never filed a direct appeal of her conviction, so the conviction became final on December 20, 2013, and started the

---

Jones's certificate on August 13, 2024.  *See* https://www.gasupreme.us/docket-search/ (last visited August 27, 2024) (Case No. S24H0505).  This issue is now moot.  *Nolley v. Warden*, 2019 WL 11646438 (11th Cir. Apr. 25, 2019).

AEDPA clock.  Doc. 19 at 3-4; see O.C.G.A. § 5-6-38(a).  Jones filed this action on June 2, 2023, which is more than one year after the limitations period expired under the AEDPA on December 22, 2014.  Docs. 1; 19 at 4 n.5.  Although the AEDPA limitations period is subject to equitable tolling, for equitable tolling to apply, the petitioner must demonstrate that she has diligently pursued her rights and that extraordinary circumstances prevented her from timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  This case does not meet the criteria for equitable tolling because Jones fails to show extraordinary circumstances that would have interfered with her ability to timely pursue federal habeas relief.  *See Outler v. United States*, 485 F.3d 1273, 1282-83 (11th Cir. 2007).  Thus, Jones's federal habeas petition is untimely.

## II. CONCLUSION

After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 19) is **ADOPTED** and made the Order of the Court.  Respondent's motion to dismiss Jones's petition (Doc. 13) is **GRANTED**.  Accordingly, Jones's 28 U.S.C. § 2254 petition (Doc. 1) is **DISMISSED** with prejudice, and her motion to stay (Doc. 16) is **DENIED AS MOOT**.  As recommended by the Magistrate Judge, a certificate of appealability is also **DENIED**.

**SO ORDERED**, this 3rd day of September, 2024.

                         S/ Marc T. Treadwell
                         MARC T. TREADWELL, JUDGE
                         UNITED STATES DISTRICT COURT